UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


CBDA Development, LLC

    v.                              Civil No. 13-cv-58-JD

Town of Thornton and
Steve Morton


O R D E R

CBDA Development, LLC ("CBDA") appealed a decision of the Thornton Planning Board ("Board") to deny CBDA's application for approval of a site plan for a campground.  CBDA filed the appeal and petition for relief against the Town and Steve Morton in Grafton Country Superior Court, and the defendants removed the case to this court based on federal question jurisdiction.  The defendants filed a request for hearing under RSA 491:24.  The parties also filed an "Assented to Motion to Decline Supplemental Jurisdiction and Stay Federal Constitutional Claims."


Discussion

Under the federal statutes governing removal, after a case has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see also United States v. Pomales-Lebrón, 513 F.3d 262, 269 (1st Cir. 2008) ("Because federal courts are powerless to act in the

absence of subject matter jurisdiction, [this court has] an unflagging obligation to notice jurisdictional defects and pursue them on [its] own initiative.") (internal quotation marks and citation omitted).

CBDA filed a pleading entitled "Verified Appeal of Decision of Planning Board Pursuant to RSA 677:15 and Petition for Legal Relief" in Grafton County Superior Court, and named the Town and Morton, a member of the Board, as defendants.  RSA 677:15 provides:

> Any persons aggrieved by any decision of the planning board concerning a plat or subdivision may present to the superior court a petition, duly verified, setting forth that such decision is illegal or unreasonable in whole or in part and specifying the grounds upon which the same is claimed to be illegal or unreasonable . . . . The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review when there is an error of law or when the court is persuaded by the balance of probabilities, on the evidence before it, that said decision is unreasonable.

N.H. Rev. Stat. Ann. § 677:15, I, V.  CBDA's appeal asserted three claims: "COUNT I - PLANNING BOARD APPEAL [TOWN ONLY]," "COUNT II - DAMAGES [TOWN AND MORTON]," and "COUNT III - ATTORNEY'S FEES [TOWN AND MORTON]."

In Count I, CBDA alleges that the Board's decision was unlawful and unreasonable.  CBDA asserts that the Board committed errors of law based on the New Hampshire constitution and one or more New Hampshire statutes.  CBDA also alleges that it was

treated differently than a member of the Town's Board of Selectmen, who was granted site-plan approval for a campground he owned and operated. Based upon the site-plan approval granted to the Selectman, CBDA alleges in paragraph 71 of the appeal, Count I, that "the Planning Board violated the equal protection clauses of the Federal and State Constitutions."

The defendants removed the case to this court. In their notice of removal, the defendants stated: "Based on paragraph 71 of plaintiff's appeal, it is bringing claims against the Town Planning Board for 'violat[ion of] the equal protection clauses of the Federal and State Constitutions' thereby creating a federal question." The defendants' notice of removal invoked this court's federal question jurisdiction. See 28 U.S.C. § 1331.

Paragraph 71 of CBDA's appeal, however, cannot reasonably be construed as asserting a federal claim. CBDA asserted the federal constitutional violation as one of several alleged errors of law supporting its appeal under RSA 677:15, not as an independent cause of action against the Town. The only relief CBDA seeks in Count I is reversal of the Board's decision to deny

its application for site-plan approval.  CBDA does not seek damages based upon the asserted constitutional violation.[1]

In addition, RSA 677:15 provides that a person aggrieved by any decision of the Board may "present to the <u>superior court</u> a petition . . . setting forth that such decision is illegal or unreasonable . . . ."  § 677:15, I (emphasis added).  The statute does not provide for an appeal to a federal court and the court will not supply such a right.  <u>See, e.g.</u>, <u>Prete v. Roger Williams Univ. Sch. of Law</u>, 2012 WL 6203083, at *3-*4 (D.N.H. Dec. 12, 2012).

Because CBDA has not asserted a federal claim, and because RSA 677:15 provides only for an appeal to the New Hampshire Superior Court, this court lacks subject matter jurisdiction.  The case must be remanded to the Grafton County Superior Court.  <u>See</u> 28 U.S.C. § 1447(c).

---

[1] CBDA's claim for damages in Count II, which is based on the Board's alleged bad faith denial of CBDA's application, and its request for attorney's fees in Count III, do not present federal questions.  <u>See</u> <u>Win-Tasch Corp. v. Town of Merrimack</u>, 120 N.H. 6 (1980); <u>Hareem v. Adams</u>, 117 N.H. 687 (1977).

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion for a hearing (document no. 2) and the parties' motion to decline supplemental jurisdiction (document no. 5) are denied as moot.

The case is remanded to Grafton County Superior Court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 25, 2013

cc: R. Matthew Cairns, Esquire
    John G. Cronin, Esquire
    Matthew R. Serge, Esquire